Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back       Location : Delaware County   Help

# CHRONOLOGICAL CASE SUMMARY
### CASE NO. 18C01-1902-PL-000036

Ronald Beal v. Muncie Sanitary District

§
§
§
§
§
§

Case Type: **PL - Civil Plenary**
Date Filed: **02/28/2019**
Location: **Delaware Circuit Court 1**

---

### PARTY INFORMATION

**Defendant**  **Muncie Sanitary District**

**Attorneys**
**David Lee Swider**
 *Retained*
BOSE McKINNEY & EVANS
LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46244-0363

317-684-5161(W)

Mark Alan Wohlford
 *Retained*
111 Monument Circle Suite 2700
Indianapolis, IN 46204

317-684-5252(W)

**Plaintiff**   **Beal, Ronald**

**Brian M. Pierce**
 *Retained*
106 E Washington ST
Muncie, IN 47305

765-748-6280(W)

---

### EVENTS & ORDERS OF THE COURT

02/28/2019  **Case Opened as a New Filing**
03/01/2019  **Complaint/Equivalent Pleading Filed**
        *Complaint and Request for Jury Trial*
        Filed By:    Beal, Ronald
        File Stamp: 02/28/2019
03/01/2019  **Appearance Filed**
        *Appearance*
        For Party:   Beal, Ronald
        File Stamp: 03/01/2019
03/04/2019  **Subpoena/Summons Filed**
        *Summons*
        Filed By:    Beal, Ronald
        File Stamp: 03/01/2019
03/19/2019  **Amended Pleading Filed**
        *First Amended Complaint*
        Filed By:    Beal, Ronald
        File Stamp: 03/19/2019
03/20/2019  **Subpoena/Summons Filed**
        *Summons for First Amended Complaint*
        Filed By:    Beal, Ronald
        File Stamp: 03/19/2019
03/27/2019  **Service Returned Served (E-Filing)**
        *Return of Service*
        Filed By:    Beal, Ronald
        File Stamp: 03/27/2019
04/12/2019  **Appearance Filed**

|  |  |
|---|---|
|  | *Appearance for Defendant, Muncie Sanitary District*<br>For Party:   Muncie Sanitary District<br>File Stamp: 04/11/2019 |
| 04/12/2019 | **Motion for Enlargement of Time Filed**<br>*Unopposed Motion for Enlargement of Time to Answer First Amended Complaint*<br>Filed By:   Muncie Sanitary District<br>File Stamp: 04/11/2019 |
| 04/12/2019 | **Order Granting Motion for Enlargement of Time** (Judicial Officer: Vorhees, Marianne L )<br>Order Signed: 04/12/2019 |
| 04/13/2019 | **Automated ENotice Issued to Parties**<br>*Order Granting Motion for Enlargement of Time ---- 4/12/2019 : Brian M. Pierce;David Lee Swider;Mark Alan Wohlford* |

**Please note that any Balance Due does not reflect interest that has accrued since the last payment.**

**18C01-1902-PL-000036**

Delaware Circuit Court 1

Filed: 2/28/2019 11:56 PM
Clerk
Delaware County, Indiana

STATE OF INDIANA  )
         ) SS:
COUNTY OF DELAWARE )

DELAWARE COUNTY CIRCUIT COURT NO.1

2019 Term

| | |
|---|---|
| Ronald Beal,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )<br>)<br>) |
| Muncie Sanitary District; | ) |
|   Defendants. | ) |

CAUSE NO.: 18C01-1903-

## COMPLAINT FOR DAMAGES AND REQUEST JURY TRIAL

Comes now Plaintiff, Ronald Beal, by counsel, Brian M. Pierce, and in support of his Complaint for Damages and Request for Jury Trial against Defendant, Muncie Sanitary District, and alleges as follows:

### A. Venue and Parties

1. Plaintiff, Ronald Beal (hereinafter "Plaintiff"), is a resident of Henry County, State of Indiana.

2. Defendants, Muncie Sanitary District, "is a special unit of government created under Indiana State law by the action of an Ordinance of the City of Muncie, Indiana adopted in 1968. The District is managed under the provisions of Indiana Code 36-9-25 and is governed by a three person Board of Sanitary Commissioners which acts as both the Executive Body and Fiscal Body of the Muncie Sanitary District."[1]

### B. Factual Allegations

---

[1] https://www.munciesanitary.org/about/

1

3.      At all times relevant, Plaintiff had been employed by the Defendant in various positions for approximately (10) years or more.

4.      At all times relevant, Plaintiff was working in the position of "Maintenance" for the Defendant at the Water Pollution Control Facility.

5.      On April 6, 2018, Plaintiff and another employee drove to a local plumbing supply store to pick up parts.  He was acting in the scope and course of his employment. He was driving Defendant's vehicle.

6.      When leaving, Plaintiff bumped into a brick flower planter as he was backing up.

7.      Upon inspection, Plaintiff discovered the truck hitch what made contact with the planter.

8.      There was no damage to the Defendant's vehicle, and the planter had a few bricks out of place.

9.      Plaintiff personally notified the store employees and was told not to worry about it.

10.     Plaintiff immediately called his supervisor and told him what had happened.

11.     The supervisor instructed Plaintiff to have the other employee drive back.

12.     Upon arriving back at the Water Pollution Control Facility, his supervisor took Plaintiff for an immediate drug and alcohol screen.

13.     The results of the screening indicated that Plaintiff had not consumed alcohol.

14.     However, the results of the screen indicated the presence of a controlled substance for which Plaintiff had a valid prescription.

15.     His supervisor told Plaintiff he was on administrative leave until the official laboratory results were returned.

16.     On April 9, 2018, the laboratory requested from Plaintiff, and Plaintiff did provide, the prescription medication numbers for the controlled substance(s) identified by the screen.

17.     On April 10, 2018, Plaintiff's supervisor notified him that he was approved to return to work.

18.     Later that same day, Plaintiff was asked to meet with supervisors who then indicated that they could not find his completed "Prescription Review Form."

19.     As a result, Plaintiff's supervisors issued a written reprimand, which Plaintiff did not sign.

20.     Even though Plaintiff had previously completed the "Prescription Review Form", his supervisors claimed they could not find such forms.

21.     Plaintiff then requested a new "Prescription Review Form" and his supervisors did provide the form.

22.     Plaintiff then completed the form, had his treating physician complete the form, and then returned it to the Defendant on April 13, 2018.

23.     Upon review, the Defendant's employee "Melanie" told Plaintiff that the form he had received and completed was the "old" form.  She then provided Plaintiff with the "new" form.

24.     The only difference between the two forms was that "new" form had removed the section entitled "Employee's Physician Specify Approval or Non Approval for Safety Sensitive Work".

25.     Plaintiff completed the "new" form as requested.

26.     On April 17, 2018, Plaintiff was summoned to a meeting with Defendant's employees, "Melanie" and "Sherry".

3

27.    "Melanie" and "Sherry".informed Plaintiff that he was not allowed to work while taking his prescribed medications.

28.    Plaintiff was shown a letter stating that in order to continue with his job he would have to have his physician reduce, change or discontinue his medication.

29.    "Melanie" and "Sherry" refused to provide Plaintiff with a copy of the letter for his physician.

30.    They told Plaintiff to let his physician know that the medications needed to be changed and he needed to contact his physician by the next day.

31.    By the next day, Plaintiff returned to work with a letter from his physician explaining Plaintiff's medical condition and stating that there was no reason to change Plaintiff's medications.

32.    Instead of accepting the physician's letter, "Melanie" called a phsyician's assistant at an Indianapolis truck driving school.

33.    According to "Melanie", the physician's assistant did not approve of Plaintiff's medications.

34.    Defendant's District Administrator, Nikki Grigsby, was called up to the office to speak with Plaintiff.  She informed Plaintiff that he had (2) options: 1) find a new doctor;  or 2) speak with the city's attorneys.

35.    Later that same day, "Melanie" called Plaintiff and told him he was ok to work but to be careful.

36.    On April 19, 2018, "Melanie" again called Plaintiff.  This time she told Plaintiff "that she cannot legally reach out to [Plaintiff's] doctor or give [Plaintiff] a copy of [the Defendant's] medication recommendations," but that Plaintiff's physician could call her.

37.    On April 20, 2018, Plaintiff's supervisor told him he was ok to continue working but not to drive.

38.    On April 30, 2018, called Plaintiff asking if he had spoken to his physician.

39.    Plaintiff was then summoned to "Melanie's" office and handed a sealed envelope.

40.

4

41.     Inside was a letter claimind that Plaintiff had refused to provide a satisfactory signed medication form, and unless/until it was received, Plaintiff would not be allowed to work.

42.     On May 4, 2018, Plaintiff returned a signed copy of the form with a request for reasonable accommodations to allow him to continue to perform his job duties.

43.     "Sherry" signed and dated the letter, then made Plaintiff a copy.

44.     On May 7, 2018, Plaintiff requested a copy of the physician assistant's medication review and contact information for his physician to review.  "Sherry" told Plaintiff she said she would check and let Plaintiff know.

45.     "Sherry" called later in the day and stated that Plaintiff could have a copy of the review.

46.     On May 9, 2018, when Plaintiff went to pickup a copy of the review, but instead received a copy of the new medication form he had turned in.  He was instructed to call the physician's assistant about a copy of the review.

47.     On May 23, 2018, "Melanie" called Plaintiff to her office again.  Upon arrival, he was handed another envelope.

48.     It contained another form for Plaintiff's physician to sign, along with any/all concerns the Defendant had

49.     On May 31, 2018, Plaintiff returned the completed form.

50.     On June 27, 2018, Plaintiff once again was called to "Melanie's" office to pick up another envelope containing more forms for another doctor to review and sign.

51.     On July 7, 2018, Plaintiff provided another letter to the Defendant expressing his medical conditions and position on the continuous requests from Defendant for more information.

52.     And through out the month of July 2018, Plaintiff was given more instructions to complete more forms, and see doctors selected by the Defendant.

5

53.     Each time, Plaintiff's physician provided his own written opinions on his conditions and medications.

54.     On July 17, 2018, Plaintiff filed his first EEOC complaint.

55.     The very next day "Melanie" summoned Plaintiff to her office to get another letter regarding more requests for information and suspended him without pay, with termination to be effective 7-25-18 if Plaintiff did not go to the Defendant's selected physicians.

56.     Plaintiff was terminated on July 27, 2018.

57.     On July 31, 2018, Plaintiff filed his second EEOC complaint.

58.     On November 30, 2018, Plaintiff received his EEOC Dismissal and Notice of Rights to Sue.

### C.  Count 1

59.     This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

60.     At all times relevant, Defendant, has engaged in a continuing course of unlawful employment practices in violation of Section 102(a) & (d)(4) of Title I of the ADA, 42 U.S.C. §§ 12112(a) & (d)(4). The unlawful employment practices include the following:

a.      Subjecting Plaintiff to unlawful medical examinations and/or medical inquiries in that he was required to undergo drug-testing for prescribed medications, repeated requests for additional information, repeated requests to see additional physicians of Defendant's selection, and was required to self-disclose prescribed medications to Defendant's management;

b.   Placing Plaintiff on involuntary leave because of his disability or because he was regarded as disabled;

c.   Terminating Plaintiff's employment because of his disability or because he was regarded as disabled;

d.   Retaliating against Plaintiff for filing an EEOC complaint;

e.   Terminating Plaintiff based on an unlawful qualifying standard that barred Plaintiff from working while being prescribed medications, even though Plaintiff's ability to safely perform his job duties had not been impaired by these prescribed medications;

f.   Engaging in a practice of subjecting employees to disability related inquiries and medical examinations that are not both job related and consistent with business necessity, including, but not limited to, testing employees for legally prescribed medications and requiring employees to disclose prescribed medications to Defendant's management.

61.   The effect of the practices complained of herein has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect his status as an employee, because of his disability or because he was regarded as disabled.

62.   The unlawful employment practices complained of in paragraph eight (8) above were and are intentional.

## D.    Conclusion

Wherefore, Plaintiff,  Ronald Beal, by counsel, Brian M. Pierce, respectfully requests judgment against Defendant, Muncie Sanitary District, in the form of reinstatement, compensatory damages, punitive damages, injunctive relief prohibiting future discrimination, attorney fees and costs, and interest.

Date:__02-28-2019____                          Respectfully Submitted,

                                               /s/ Brian M. Pierce
                                               Brian M. Pierce, 24350-18
                                               106 E. Washington Street
                                               Muncie, Indiana 47305
                                               Tel:    (765) 289-9122
                                               Fax:    (765) 289-6064
                                               Email: brianpiercelaw@aol.com
                                               Attorney for Plaintiff

## <u>REQUEST FOR TRIAL BY JURY</u>

Pursuant to Ind. Trial Rule (38), Plaintiff, Michael A. Dawson, by counsel, Brian M. Pierce,

demands all issues be tried to a jury.


Date:__02-28-2019____                          Respectfully Submitted,

                                               /s/ Brian M. Pierce
                                               Brian M. Pierce, 24350-18
                                               106 E. Washington Street
                                               Muncie, Indiana 47305
                                               Tel:    (765) 289-9122
                                               Fax:    (765) 289-6064
                                               Email: brianpiercelaw@aol.com
                                               Attorney for Plaintiff

Filed: 3/1/2019 8:56 AM
Delaware Circuit Court 1
Delaware County, Indiana

STATE OF INDIANA  )   DELAWARE COUNTY CIRCUIT COURT NO.1
          ) SS:
COUNTY OF DELAWARE )   2019 Term

Ronald Beal,        )
   Plaintiff,      )
            )
vs.           ) CAUSE NO.: 18C01-1903-PL-000036
            )
Muncie Sanitary District;   )
            )
   Defendants.     )

## APPEARANCE BY ATTORNEY IN CIVL CASE

1. The party on whose behalf this form is being filed is:

  Plaintiff: Ronald Beal

2. Attorney information for service as required by Trial Rule 5(B)(2)

  Name: Brian M. Pierce   Atty Number:24350-18
  Address: 106 E. Washington Street, Muncie, Indiana 47305
  Phone:765-289-9122
  Email: brianpiercelaw@aol.com

3. This is a PL case type as defined in administrative Rule 8(B)(3).

4. I will service by:

  FAX at the above noted number: Yes ___ No ___X___
  Email at the above noted number: Yes __X__ No _____

5. This case involves child support issues. Yes ____ No _X___
6. N/A
7. This case involves a petition for involuntary commitment. Yes _____ No ___X_____
8. N/A
9. There are related cases: Yes ___ No _X_ (If yes, list on continuation page.)
10. Additional information required by local rule:

Date: _02/28/2019_     _____/s/ Brian M. Pierce_____
           Brian M. Pierce, 24350-18

1

Filed: 3/1/2019 8:56 AM
Delaware Circuit Court 1
Delaware County, Indiana

STATE OF INDIANA      )         DELAWARE COUNTY CIRCUIT COURT NO.1
                           ) SS:
COUNTY OF DELAWARE )       2019 Term

Ronald Beal,                  )
      Plaintiff,           )
                           )
vs.                        )     CAUSE NO.: 18C01-1903-PL-000036
                           )
Muncie Sanitary District;    )
                           )
      Defendants.       )

## SUMMONS (CERTIFIED MAIL)

To Defendant: Muncie Sanitary District, 300 N. Hight St., 3rd Floor
                Muncie, Indiana 47305

You have been sued by the person(s) named "Plaintiff" in the Court stated above.

The nature of the suit against you is stated in the complaint that is attached to this document.  It also states the demand the Plaintiff has made and wants from you.

You must answer the complaint in writing, within twenty (20) days commencing the day after you receive this summons, or a judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following manner of service of summons is hereby designated: Certified Mail

Date: 3/4/2019
                                        Clerk Delaware County Clerk of Courts

Brian M. Pierce #24350-18
Attorney at Law
106 E. Washington St.
Muncie, IN 47305

1

Filed: 3/19/2019 4:28 PM
Delaware Circuit Court 1
Delaware County, Indiana

STATE OF INDIANA      )
                      ) SS:
COUNTY OF DELAWARE )

DELAWARE COUNTY CIRCUIT COURT NO.1

2019 Term

|  |  |  |
|---|---|---|
| Ronald Beal, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: 18C01-1903-PL-000036 |
| | ) | |
| Muncie Sanitary District; | ) | |
| | ) | |
|     Defendants. | ) | |

## FIRST AMENDED COMPLAINT FOR DAMAGES AND REQUEST JURY TRIAL

Comes now Plaintiff, Ronald Beal, by counsel, Brian M. Pierce, and in support of his Complaint for Damages and Request for Jury Trial against Defendant, Muncie Sanitary District, and alleges as follows:

### A.  Venue and Parties

1.     Plaintiff, Ronald Beal (hereinafter "Plaintiff"), is a resident of Henry County, State of Indiana.

2.     Defendants, Muncie Sanitary District, "is a special unit of government created under Indiana State law by the action of an Ordinance of the City of Muncie, Indiana adopted in 1968. The District is managed under the provisions of Indiana Code 36-9-25 and is governed by a three-person Board of Sanitary Commissioners which acts as both the Executive Body and Fiscal Body of the Muncie Sanitary District."[1]

### B.  Factual Allegations

3.     At all times relevant, Plaintiff had been employed by the Defendant in various

---

[1] https://www.munciesanitary.org/about/

1

positions for approximately (10) years or more.

4.   At all times relevant, Plaintiff was working in the position of "Maintenance" for the Defendant at the Water Pollution Control Facility.

5.   On April 6, 2018, Plaintiff and another employee drove to a local plumbing supply store to pick up parts.  Plaintiff was acting in the scope and course of his employment. He was driving Defendant's vehicle.

6.   When leaving, Plaintiff bumped into a brick flower planter as he was backing up.

7.   Upon inspection, Plaintiff discovered the truck hitch what made contact with the planter.

8.   There was no damage to the Defendant's vehicle, and the planter had a few bricks out of place.

9.   Plaintiff personally notified the store employees and was told not to worry about it.

10.   Plaintiff immediately called his supervisor and told him what had happened.

11.   The supervisor instructed Plaintiff to have the other employee drive back.

12.   Upon arriving back at the Water Pollution Control Facility, his supervisor took Plaintiff for an immediate drug and alcohol screen.

13.   The results of the screening indicated that Plaintiff had not consumed alcohol.

14.   However, the results of the screen indicated the presence of a controlled substance for which Plaintiff had a valid prescription.

15.   His supervisor told Plaintiff he was on administrative leave until the official laboratory results were returned.

16.    On April 9, 2018, the laboratory requested from Plaintiff, and Plaintiff did provide, the prescription medication numbers for the controlled substance(s) identified by the screen.

17.    On April 10, 2018, Plaintiff's supervisor notified him that he was approved to return to work.

18.    Later that same day, Plaintiff was asked to meet with supervisors who then indicated that they could not find his completed "Prescription Review Form."

19.    As a result, Plaintiff's supervisors issued a written reprimand, which Plaintiff did not sign.

20.    Even though Plaintiff had previously completed the "Prescription Review Form", his supervisors claimed they could not find such forms.

21.    Plaintiff then requested a new "Prescription Review Form" and his supervisors did provide the form.

22.    Plaintiff then completed the form, had his treating physician complete the form, and then returned it to the Defendant on April 13, 2018.

23.    Upon review, the Defendant's employee "Melanie" told Plaintiff that the form he had received and completed was the "old" form.  She then provided Plaintiff with the "new" form.

24.    The only difference between the two forms was that "new" form had removed the section entitled "Employee's Physician Specify Approval or Non Approval for Safety Sensitive Work".

25.    Plaintiff completed the "new" form as requested.

3

26.     On April 17, 2018, Plaintiff was summoned to a meeting with Defendant's employees, "Melanie" and "Sherry".

27.     "Melanie" and "Sherry".informed Plaintiff that he was not allowed to work while taking his prescribed medications.

28.     Plaintiff was shown a letter stating that in order to continue with his job he would have to have his physician reduce, change or discontinue his medication.

29.     "Melanie" and "Sherry" refused to provide Plaintiff with a copy of the letter for his physician.

30.     They told Plaintiff to let his physician know that the medications needed to be changed and he needed to contact his physician by the next day.

31.     By the next day, Plaintiff returned to work with a letter from his physician explaining Plaintiff's medical condition and stating that there was no reason to change Plaintiff's medications.

32.     Instead of accepting the physician's letter, "Melanie" called a phsyician's assistant at an Indianapolis truck driving school.

33.     According to "Melanie", the physician's assistant did not approve of Plaintiff's medications.

34.     Defendant's District Administrator, Nikki Grigsby, was called up to the office to speak with Plaintiff.  She informed Plaintiff that he had (2) options: 1) find a new doctor;  or 2) speak with the city's attorneys.

35.     Later that same day, "Melanie" called Plaintiff and told him he was ok to work but to be careful.

4

36.     On April 19, 2018, "Melanie" again called Plaintiff.  This time she told Plaintiff "that she cannot legally reach out to [Plaintiff's] doctor or give [Plaintiff] a copy of [the Defendant's] medication recommendations," but that Plaintiff's physician could call her.

37.     On April 20, 2018, Plaintiff's supervisor told him he was ok to continue working but not to drive.

38.     On April 30, 2018, called Plaintiff asking if he had spoken to his physician.

39.     Plaintiff was then summoned to "Melanie's" office and handed a sealed envelope.

40.     Inside was a letter stating that Plaintiff had refused to provide a satisfactory signed medication form, and unless/until it was received, Plaintiff would not be allowed to work.

41.     On May 4, 2018, Plaintiff returned a signed copy of the form with a request for reasonable accommodations to allow him to continue to perform his job duties.

42.     "Sherry" signed and dated the letter, then made Plaintiff a copy.

43.     On May 7, 2018, Plaintiff requested a copy of the physician assistant's medication review and contact information for his physician to review.  "Sherry" told Plaintiff she said she would check and let Plaintiff know.

44.     "Sherry" called later in the day and stated that Plaintiff could have a copy of the review.

45.     On May 9, 2018, when Plaintiff went to pick-up a copy of the review, but instead received a copy of the new medication form he had turned in.  He was instructed to call the physician's assistant about a copy of the review.

46.     On May 23, 2018, "Melanie" called Plaintiff to her office again.  Upon arrival, he was handed another envelope.

47.     It contained another form for Plaintiff's physician to sign, along with any/all concerns the Defendant had

48.     On May 31, 2018, Plaintiff returned the completed form.

49.     On June 27, 2018, Plaintiff once again was called to "Melanie's" office to pick up another envelope containing more forms for another doctor to review and sign.

50.     On July 7, 2018, Plaintiff provided another letter to the Defendant expressing his medical conditions and position on the continuous requests from Defendant for more information.

51.     And throughout the month of July 2018, Plaintiff was given more instructions to complete more forms, and see doctors selected by the Defendant.

52.     Each time, Plaintiff's physician provided written opinions on Plaintiff's conditions and medications.

53.     On July 17, 2018, Plaintiff filed his first EEOC complaint.

54.     The very next day "Melanie" summoned Plaintiff to her office to get another letter regarding more requests for information and suspended him without pay, with termination to be effective 7-25-18 if Plaintiff did not go to the Defendant's selected physicians.

55.     Plaintiff was terminated on July 27, 2018.

56.     On July 31, 2018, Plaintiff filed his second EEOC complaint.

57.     On November 30, 2018, Plaintiff received his EEOC Dismissal and Notice of Rights to Sue. A copy is attached hereto as Exhibit A.

C.   Count 1 - ADA

58.     This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the

6

Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

59.     At all times relevant, Defendant, has engaged in a continuing course of unlawful employment practices in violation of Section 102(a) & (d)(4) of Title I of the ADA, 42 U.S.C. §§ 12112(a) & (d)(4). The unlawful employment practices include the following:

a.     Subjecting Plaintiff to unlawful medical examinations and/or medical inquiries in that he was required to undergo drug-testing for prescribed medications, repeated requests for additional information, repeated requests to see additional physicians of Defendant's selection, and was required to self-disclose prescribed medications to Defendant's management;

b.     Placing Plaintiff on involuntary leave because of his disability or because he was regarded as disabled;

c.     Terminating Plaintiff's employment because of his disability or because he was regarded as disabled;

d.     Retaliating against Plaintiff for filing an EEOC complaint;

e.     Terminating Plaintiff based on an unlawful qualifying standard that barred Plaintiff from working while being prescribed medications, even though Plaintiff's ability to safely perform his job duties had not been impaired by these prescribed medications;

f.     Engaging in a practice of subjecting employees to disability related inquiries and medical examinations that are not both job related and consistent with business necessity, including, but not limited to, testing employees for legally prescribed

medications and requiring employees to disclose prescribed medications to
Defendant's management.

60.     The effect of the practices complained of herein has been to deprive Plaintiff of
equal employment opportunities and to otherwise adversely affect his status as an employee,
because of his disability or because he was regarded as disabled.

61.     The unlawful employment practices complained of in paragraph eight (8) above
were and are intentional.

### D.     Conclusion

Wherefore, Plaintiff, Ronald Beal, by counsel, Brian M. Pierce, respectfully requests
judgment against Defendant, Muncie Sanitary District, in the form of reinstatement,
compensatory damages, punitive damages, injunctive relief prohibiting future discrimination,
attorney fees and costs, and interest.

### REQUEST FOR TRIAL BY JURY

Pursuant to Ind. Trial Rule (38), Plaintiff, Ronald Beal, by counsel, Brian M. Pierce,
demands all issues be tried to a jury.

Respectfully Submitted,

Date:   03-19-2019

_____
Brian M. Pierce, 24350-18
106 E. Washington Street
Muncie, Indiana 47305
Tel:    (765) 289-9122
Fax:    (765) 289-6064
Email: brianpiercelaw@aol.com
Attorney for Plaintiff

8

Filed: 3/19/2019 4:28 PM
Delaware Circuit Court 1
Delaware County, Indiana

STATE OF INDIANA       )          DELAWARE COUNTY CIRCUIT COURT NO.1
                        ) SS:
COUNTY OF DELAWARE )        2019 Term

Ronald Beal,               )
       Plaintiff,        )
                       )
vs.                    )     CAUSE NO.: 18C01-1902-PL-000036
                       )
Muncie Sanitary District;  )
                       )
       Defendants.      )

SUMMONS (Certified Mail)

To Defendant: Muncie Sanitary District, 300 N. Hight St., 3rd Floor
               Muncie, Indiana 47305

You have been sued by the person(s) named "Plaintiff" in the Court stated above.

The nature of the suit against you is stated in the **First Amended Complaint for Damages and Request For Jury Trial** that is attached to this document.  It also states the demand the Plaintiff has made and wants from you.

You must answer the complaint in writing, within twenty (20) days commencing the day after you receive this summons, or a judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following manner of service of summons is hereby designated: Certified Mail

Date:   **3/20/2019**

Clerk, Delaware County Clerk of Courts

Brian M. Pierce #24350-18
Attorney at Law
106 E. Washington St.
Muncie, IN 47305

1

Filed: 3/27/2019 9:56 AM
Delaware Circuit Court 1
Delaware County, Indiana

**Civil Action Number:   18C01-1902-PL-000036**

## PROOF OF SERVICE
*(this section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)*_____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*_____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____; or

☐ I returned the summons unexecuted because _____; or

☒ **Other** *(specify)*: **The Summons and Amended Complaint were served by Certified Mail, Return Receipt Requested (7018 1130 0000 2193 0060) to Defendant Muncie Sanitary District, 300 N. High Street, Muncie, Indiana 47305.  A copy is attached hereto.**

I swear and affirm under penalties of perjury that this information is true.

Date: 03/26/2019

Respectfully submitted,

/s/ Brian M Pierce
Attorney at Law
106 E. Washington St.
Muncie, IN 47305
Tel:    (765) 289-9122
Fax:    (765) 289-6064
Email: brianpiercelaw@aol.com
Attorney for the Plaintiff

Filed: 3/27/2019 9:56 AM
Delaware Circuit Court 1
Delaware County, Indiana

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Muncie Sanitary District
800 N High St 3rd Floor
Muncie IN 47305

9590 9402 4049 8079 0451 56

2. Article Number *(Transfer from service label)*

7018 1130 0000 2193 0060

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Jonathan Smith
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
Jonathan Smith
C. Date of Delivery
3/22/2019

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

United States
Postal Service

USPS TRACKING #

9590 9402 4049 8079 0451 56

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Brian Pierce, Attorney at Law
101 E Washington St
Muncie IN 47305

Filed: 4/11/2019 10:04 AM
Delaware Circuit Court 1
Delaware County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE DELAWARE CIRCUIT COURT |
| | )SS: | |
| COUNTY OF DELAWARE | ) | CAUSE NO. 18C01-1902-PL-000036 |

RONALD BEAL,                                 )
                                             )
                      Plaintiff,             )
                                             )
        v.                                   )
                                             )
MUNCIE SANITARY DISTRICT,                    )
                                             )
                      Defendant.             )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

1.    The party on whose behalf this form is being filed is:

      Initiating _____        Responding __X__     Intervening _____ ; and
      the undersigned attorney and all attorneys listed on this form now appear in this case for
      the following parties:
      Name of party: **Defendant, Muncie Sanitary District**
      Address of party *(see Question # 5 below if this case involves a protection from abuse
      order, a workplace violence restraining order, or a no-contact order)*

      _____

      Telephone # of party _____
          *(List on a continuation page additional parties this attorney represents in this case.)*

2.    Attorney information for service as required by Trial Rule 5(B)(2)

      David L. Swider                    Attorney No. 517-49
      Mark A. Wohlford                   Attorney No. 31568-03
      BOSE MCKINNEY & EVANS LLP          Phone: (317) 684-5000
      111 Monument Circle, Suite 2700    Fax: (317) 684-5173
      Indianapolis, IN 46204             Computer Address:
                                         DSwider@boselaw.com
                                         MWohlford@boselaw.com

      **IMPORTANT**: Each attorney specified on this appearance:
      (a)    certifies that the contact information listed for him/her on the Indiana Supreme
             Court Roll of Attorneys is current and accurate as of the date of this
             Appearance;

      (b)    **acknowledges that all orders, opinions, and notices from the court in this
             matter that are served under Trial Rule 86(G) will be sent to the attorney at
             the email address(es) specified by the attorney on the Roll of Attorneys
             regardless of the contact information listed above for the attorney; and**

(c)      understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.      This is a **N/A** case type as defined in administrative Rule 8(B)(3).

4.      This case involves child support issues. Yes _____ No X  *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5.      This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes _____ No X *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

_____      Attorney's address
_____      The Attorney General Confidentiality program address
               (contact the Attorney General at 1-800-321-1907 or e-mail address is
               **confidential@atg.state.in.us**).
_____      Another address (provide) _____

6.      This case involves a petition for involuntary commitment.  Yes _____ No X

If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

(a)      Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:

        _____

(b)      State of Residence of person subject to petition: _____

(c)      At least one of the following pieces of identifying information:

        (i)      Date of Birth _____

        (ii)     Driver's License Number _____

                State where issued _____ Expiration date _____

        (iii)    State ID number _____

                State where issued _____ Expiration date _____

        (iv)     FBI number _____

        (v)      Indiana Department of Corrections Number _____

        (vi)     Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

7.      There are related cases: Yes _____ No X *(If yes, list on continuation page.)*

2

8.    Additional information required by local rule:

_____

9.    There are other party members: Yes _____ No X *(If yes, list on continuation page.)*

10.   This form has been served on all other parties and Certificate of Service is attached:

Yes __X__ No ___

Respectfully submitted,

/s/*David L. Swider*_____

David L. Swider

/s/*Mark A. Wohlford*_____

Mark A. Wohlford

*Attorneys for Defendant, Muncie Sanitary District*


CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 11, 2019, a copy of the foregoing "Appearance" was filed electronically.  A copy of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system.

Brian M. Pierce, Esq.
106 East Washington Street
Muncie, IN  47305
brianpiercelaw@aol.com

/s/*David L. Swider*_____

David L. Swider

3609518

3

Filed: 4/11/2019 10:04 AM
Delaware Circuit Court 1
Delaware County, Indiana

STATE OF INDIANA    )        IN THE DELAWARE CIRCUIT COURT
                    )SS:
COUNTY OF DELAWARE )     CAUSE NO. 18C01-1902-PL-000036

RONALD BEAL,          )
                       )
         Plaintiff,   )
                       )
    v.                )
                       )
MUNCIE SANITARY DISTRICT, )
                       )
        Defendant.  )

## UNOPPOSED MOTION FOR ENLARGEMENT OF TIME
## TO ANSWER FIRST AMENDED COMPLAINT

      Defendant, Muncie Sanitary District (the "District"), by counsel, pursuant to Ind. Trial Rule 6(B)(1), moves this Court for a 30-day enlargement of time to respond to the First Amended Complaint for Damages and Request [for] Jury Trial ("First Amended Complaint") filed by Plaintiff, Ronald Beal ("Plaintiff"), and states as grounds therefor:

      1.     The First Amended Complaint was filed with this Court on March 19, 2019, and was served on the District by certified mail on March 22, 2019.

      2.     The District's answer to the First Amended Complaint is due on April 15, 2019 and that time has not yet expired.

      3.     The District moves this Court for an initial 30-day enlargement of time to respond to Plaintiff's First Amended Complaint.

      4.     Said enlargement of time shall expire on May 15, 2019.

      5.     No prior enlargements of time have been requested.

      6.     Plaintiff's counsel has been advised of this motion and has no objection to the requested enlargement.

WHEREFORE, Defendant, Muncie Sanitary District, by counsel, respectfully requests the Court to enlarge the time within which it must respond to Plaintiff's First Amended Complaint, for a period of 30 days, to and including May 15, 2019.

Respectfully submitted,

/s/*David L. Swider*
David L. Swider (#517-49)
Mark A. Wohlford (#31568-03)

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000; (317) 684-5173 Fax
dswider@boselaw.com
mwohlford@boselaw.com

*Attorneys for Defendant, Muncie Sanitary District*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 11, 2019, a copy of the foregoing "Unopposed Motion for Enlargement of Time to Answer First Amended Complaint" was filed electronically.  A copy of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system.

Brian M. Pierce, Esq.
106 East Washington Street
Muncie, IN  47305
brianpiercelaw@aol.com

/s/*David L. Swider*
David L. Swider

3579809

2

| | |
|---|---|
| STATE OF INDIANA        )<br>                              )SS:<br>COUNTY OF DELAWARE ) | IN THE DELAWARE CIRCUIT COURT<br><br>CAUSE NO. 18C01-1902-PL-000036 |

RONALD BEAL,                                    )
                                                )
                        Plaintiff,              )
                                                )
        v.                                      )
                                                )
MUNCIE SANITARY DISTRICT,                       )
                                                )
                        Defendant.              )

## ORDER

This matter having come before the Court on the Unopposed Motion for Enlargement of Time to Answer First Amended Complaint filed by Defendant, Muncie Sanitary District; and the Court, being fully advised of all factual matters in this cause, now finds that the motion should be **GRANTED**, and it is accordingly

ORDERED that Defendant, Muncie Sanitary District's, response to Plaintiff's First Amended Complaint is due on or before **May 15, 2019**.


Dated:      **April 12, 2019**

_Marianne Vorhees_
Judge, Delaware Circuit Court

Copies to:

Brian M. Pierce, Esq.
brianpiercelaw@aol.com

David L. Swider, Esq.
dswider@boselaw.com

Mark A. Wohlford, Esq.
mwohlford@boselaw.com